**Randall D. COWART, Petitioner,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent.**

No. 02–342.

United States Court of Appeals for Veterans Claims.

March 13, 2002.

---

## ORDER

HOLDAWAY, Judge.

On March 11, 2002, the veteran filed a motion for extraordinary relief in the nature of mandamus pursuant to Rule 21 of the Court's Rules of Practice and Procedure. Included in the petition are motions to waive the Court's filing fee and for expedited consideration.

The petition, with supporting exhibits, notes that (1) the petitioner's claim is currently pending before the Board of Veterans' Appeals (Board) after two prior remands from this Court, (2) in December 2001 a physician opined that because of severe terminal medical conditions, the petition's life expectancy was less than six months, (3) the Board, in December 2001, granted the petitioner's motion to advance his appeal on the docket as well as his request for 45 days in which to submit additional evidence and argument, (4) on February 22, 2002, the petitioner submitted his brief and medical evidence to the Board, and (5) the Board had yet to respond to petitioner's letters dated March 4 and 7, 2002, requesting that the Board issue a decision by March 11, 2002. The veteran's petition seeks an order of this Court directing the Board to issue a decision in his appeal before March 15, 2002, and the Secretary to submit a detailed plan to this Court by March 15, 2002, indicating how the Secretary will expeditiously handle any matter remanded by the Board.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Before a court may issue a writ, a petitioner must demonstrate (1) a clear and indisputable right to the writ and (2) a lack of adequate alternative means to obtain the relief sought. *See Erspamer v. Derwinski,* 1 Vet.App. 3, 9 (1990). In this case, since the petitioner acknowledges that the Board has granted his motion to advance on the docket, the Court has no basis to conclude that the petitioner has either a clear and indisputable right to the writ or reason to suspect that administrative remedies are inadequate. The Court trusts that the Board will adjudicate the petitioner's claim has expeditiously as circumstances permit so that extraordinary relief will not be warranted at a future date.

On consideration of the foregoing, it is

ORDERED that the petitioner's motion for waiver of the Court's filing fee is GRANTED. It is further

ORDERED that the petitioner's motion for extraordinary relief in the nature of mandamus is DENIED. It is further

ORDERED that the petitioner's motion for expedited consideration is DENIED as moot.